UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWAYNE MURRAY,                                                                            CIVIL ACTION
*Trustee for*
*The RWDY Liquidating Trust*

VERSUS

TWIN CITY FIRE INSURANCE                     NO. 24-01037-BAJ-EWD
COMPANY

### RULING AND ORDER

Before the Court is Defendant Twin City Fire Insurance Company's **Motion for Partial Judgment on the Pleadings (Doc. 28).** Plaintiff Dwayne Murray, in his capacity as Trustee of the RWDY Liquidating Trust ("RWDY"), opposes the Motion. (Doc. 32). Defendant filed a Reply Memorandum. (Doc. 39). For the following reasons, Defendant's Motion is **DENIED**.

I.     BACKGROUND AND PROCEDURAL HISTORY

This is an insurance case. Plaintiff seeks to recover from Defendant for its alleged failure to make payment as owed under three insurance policies following significant employee theft. (Doc. 1-1). Plaintiff alleges the following.

Brian T. Owen, former Director, President, and largest shareholder of RWDY, used RWDY funds to pay for personal expenses, including significant gambling debts. (*Id.* at ¶¶ 14, 17). Owen also entered into a series of financing arrangements known as "merchant cash advances" under which Owen pledged RWDY's accounts

receivables as security for loans. (*Id.* at ¶ 43). Thereafter, RWDY filed for bankruptcy. (*Id.* at ¶ 45).

Relevant to the instant Motion, Defendant insured RWDY under three insurance policies: (1) the "First Policy" which provided coverage from July 23, 2020, through July 23, 2021; (2) the "Second Policy," which provided coverage from July 23, 2021, through July 1, 2022; and (3) the "Third Policy," which provided coverage from July 2, 2022, through July 1, 2023. (*Id.* at ¶¶ 18–20). The three policies are essentially identical in form, scope of coverage, terms, and conditions. (*Id.* ¶ 21).

Plaintiff provided notice of employee theft and sworn proof of loss to Defendant. (*Id.* ¶¶ 47; 64). Defendant refused to adjust the claim, make payment, or otherwise address the proof of loss. (*Id.* at ¶ 67). Thus, Plaintiff filed this lawsuit in state court, asserting the following causes of action against Defendant: (1) failure to pay the employee theft claim; (2) breach of Endorsement Number 15 of each of the policies; (3) bad faith under Louisiana law; (4) breach of the duty of good faith and fair dealing under Texas law; (5) violation of the Texas Unfair Claim Settlement Practices Act; and (6) violation of the Texas Prompt Payment of Claims Act. (*See generally id.*). Defendant then removed the case to this Court, asserting diversity jurisdiction. (Doc. 1 at 5).

Now, Defendant moves for partial judgment on the pleadings, asking the Court to find that Plaintiff cannot recover under the First or Second Policies. (Doc. 28). For the following reasons, the Motion will be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion brought pursuant to Rule 12(c) is designed to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co.*, 313 F.3d at 312 (internal citations omitted).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (internal citations omitted). "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* at 312–13 (internal citations omitted). The Court will not, however, "accept as true conclusory allegations or unwarranted deductions of fact." *Id.* at 313 (citing *Collins v. Morgan Stanley Dean*

3

*Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (addressing Rule 12(b)(6) standard)) (quoting *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (internal citations omitted).

### III. DISCUSSION

Defendant's Motion asks the Court to dismiss Plaintiff's claims to the extent Plaintiff seeks to recover under the First or Second Policies, arguing the following:

(1) The Insured's Application for coverage clearly reflects the insured sought coverage on a "DISCOVERY" basis not a "LOSS SUSTAINED" basis. By the Policies' own terms, the Application is "deemed" part of the Policies;

(2) The terms of the coverage grant clearly and unambiguously only require Twin City to pay for loss that is "discovered by the Insured during the Policy Period"; and/or

(3) The First Policy and Second Policy contain a provision whereby the insured notifies Twin City to *cancel* the prior year's Policy upon issuance of a new policy. As such, the First and Second Policies are not available for Plaintiff to pursue insomuch as the Insured cancelled them.

(Doc. 28 at 1).

Plaintiff opposes the Motion, arguing that the Court cannot consider the Application for insurance coverage on a Rule 12(c) Motion. (Doc. 32 at 3). Plaintiff argues that even if the Court considers the Application, Defendant's arguments fail

on the merits because the policy language at issue is ambiguous and thus cannot be summarily dismissed.[1] (*Id.*).

Preliminarily, the Court must determine whether to consider the Application for insurance coverage on the instant Rule 12(c) Motion. Plaintiff urges the Court to find that the Application is improper evidence on a motion for judgment on the pleadings. (Doc. 32 at 3). Plaintiff argues that if the Court considers the Application, the Motion will be converted to a motion for summary judgment, in which case the Motion is premature because Plaintiff is entitled to conduct discovery. (*Id.*). Plaintiff contends that he specifically requires the following discovery to properly oppose Defendant's Motion:

> The Liquidating Trustee would, first and foremost, seek additional discovery into whether this was the "complete" version of the Application (it does not appear to be so), all communications between RWDY and the broker related to this Application, and any similar Applications requested or submitted in connection with the Second and Third Policies. The Liquidating Trustee does not have firsthand knowledge of RWDY's and its broker's communications in relation to the Application, and the Liquidating Trustee therefore intends to seek a Rule 30(b)(6) deposition of the broker. The Liquidating Trustee has not even seen any applications submitted in connection with the Second and Third Policies.

(*Id.* at 6). In conjunction with the Opposition brief, Plaintiff presents the Affidavit of Julie S. Meaders, Plaintiff's Counsel, attesting that if the Court were to consider the

---

[1] Alternatively, should the Court consider the Application and find the policy language unambiguous, Plaintiff argues that Owen's thefts could be considered "discovered" during the First and Second Policies because Owen's own knowledge could be imputed to the company, and the insured's delayed notice based on the fact that other management did not discover the thefts at that time does not preclude coverage as a matter of law. (Doc. 32 at 4).

5

Application, Counsel cannot "present facts that are essential to opposing the Motion because [Counsel has] not had an opportunity to discover them." (Doc. 32-1 ¶ 3).

Defendant responds that the Application is part of the Policies at issue under the policy language, and therefore, the Court can properly consider it on a Rule 12(c) Motion. (Doc. 39 at 1–2).

Since the filing of Defendant's Motion, discovery has been underway. The record reflects that on February 26, 2026, the parties participated in a status conference before the Magistrate Judge, during which the Magistrate Judge granted an extension of the discovery deadline, with fact discovery to close on March 13, 2026. (Doc. 43 at 3). The Magistrate Judge further granted Defendant leave to file a Motion for Summary Judgment, which was entered into the record that same day. (Doc. 44).

Now, Defendant's Motion for Summary Judgment is pending before the Court, and Plaintiff has an opportunity to oppose the Motion with the benefit of full discovery. In these circumstances, the Court finds it appropriate to consider the merits of Defendant's arguments on summary judgment with the benefit of a fully developed factual record, rather than on the instant Motion. Doing so resolves the concerns raised by Plaintiff in response to Defendant's Motion for Judgment on the Pleadings.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Twin City Fire Insurance Company's **Motion for Partial Judgment on the Pleadings (Doc. 28)** is **DENIED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 4th day of March, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**